IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORI BEJVANCESKY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV3083 |
| | ) | |
| v. | ) | |
| | ) | |
| AMBASSADOR HOLDING COMPANY, | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S MOTION TO DISMISS AND |
| Defendant. | ) | MOTION TO REMAND |
| | ) | |

Now before me is Plaintiff Lori Bejvancesky's "Motion to Dismiss and Motion to Remand." (ECF No. 38.) For the following reasons, the plaintiff's motion will be denied.

**I.  BACKGROUND**

On April 29, 2010, the plaintiff filed a three-count complaint in the District Court of Lancaster County, Nebraska, against Defendant Ambassador Holding Company. (Compl., ECF No. 1, Ex. 1.) Count I alleges that the defendant violated "the common law of the State of Nebraska" by retaliating against the plaintiff "after she participated in one or more protected activities . . . under the Nebraska Workers' Compensation Laws." (Id. ¶ 13.) Count II alleges that the "[d]efendant has refused and otherwise failed to pay the plaintiff wages that are due and owing to her under the Nebraska Wage Payment and Collection Act and have unlawful [sic] withheld wages from her paycheck." (Id. ¶ 16.) Count III alleges that the "[d]efendant's failure to pay [the p]laintiff one and one-half times her pre-injury wages for all hours worked in excess of 40 in any given week is violative of the Fair Labor Standards Act." (Id. ¶ 19.)

On May 7, 2010, the defendant removed the case to this court, (see Notice of Removal, ECF No. 1), and on May 13, 2010, it filed an answer to the complaint, (see Answer, ECF No. 10). On June 15, 2010, the parties filed their Rule 26(f) planning conference report and indicated that the plaintiff would amend her complaint, if necessary, within sixty days. (Report of Rule 26(f) Planning Conference ¶ III.A., ECF No. 15.) Shortly thereafter, on June 25, 2010, the magistrate judge entered

1

a progression order stating, "The plaintiff's motion to amend pleadings, add parties, and for class certification shall be filed on or before August 25, 2010." (Progression Order ¶ 2b., ECF No. 18.) On August 23, 2010, the plaintiff moved for an order extending the deadline to amend pleadings pending the resolution of a discovery dispute. (Mot. to Extend, ECF No. 23.) On November 8, 2010, the magistrate judge granted the plaintiff's motion, stating, "Plaintiff is given 14 days to decide if [this] case is going to class certification. If so, Plaintiff [is] given 45 days to file motion(s) to certify class." (Text Minute Entry, ECF No. 35.) On January 4, 2011, the magistrate judge entered an order noting that "[t]he plaintiff has advised that she will not be moving for class certification." (Mem. & Order, ECF No. 37.)

On January 20, 2011, the plaintiff filed the instant motion. (See generally Pl.'s Mot., ECF No. 38.) In her motion, the plaintiff asks me to dismiss Count III of the complaint without prejudice and to remand the remaining claims to the District Court of Lancaster County, Nebraska. (See id. at 1.) She adds that a remand would be necessary because the dismissal of Count III would deprive this court of subject matter jurisdiction over her remaining claims. (See Pl.'s Br. at 1-2, ECF No. 39.) In response to the plaintiff's motion, the defendant states that it has no objection to the dismissal of Count III; however, it asks that the dismissal be with prejudice and that this court retain jurisdiction over the plaintiff's remaining claims. (Def.'s Reply Br. at 1, ECF No. 42.) The defendant also states that if I grant the plaintiff's motion to remand, I should order the plaintiff to pay "attorney fees and costs associated with the removal and defense of this matter while it was pending in federal court." (Id. at 2.)

## II.  STANDARD OF REVIEW

"[T]here exists some disagreement on whether a plaintiff must follow [Rule] 15(a) or 41(a) when dismissing less than all of the claims involved in an action." Wilson v. Crouse-Hinds Co., 556 F.2d 870, 873 (8th Cir. 1977). Although the differences between the rules are not always material, see, e.g., id., a brief review of Rule 15(a) and Rule 41(a) is in order.

### A. Federal Rule of Civil Procedure 15(a)

Federal Rule of Civil Procedure 15(a)(2) provides that, when a party seeking to amend a pleading does not do so in accordance with Rule 15(a)(1),[1] the party "may amend its pleading only with the opposing party's written consent or the court's leave." The rule also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this standard is "liberal," "parties do not have an absolute right to amend their pleadings." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Id. (quoting Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

If, however, a party moves for leave to amend a pleading after the deadline specified in the court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. Sherman, 532 F.3d at 716 (discussing Popoalii v. Correctional Medical Services, 512 F.3d 488 (8th Cir. 2008)). This rule "is derived directly from the plain language of [Federal Rule of Civil Procedure] 16(b), which states both that district courts must issue a scheduling order limiting the time to amend the pleadings, and that a scheduling order 'may be modified only for good cause.'" Id. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. at 716-17 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor," courts "generally . . . will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)); see also Rahn, 464 F.3d at 822; Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003).

---

[1] Federal Rule of Civil Procedure 15(a)(1) states, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

### B. Federal Rule of Civil Procedure 41(a)

"Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions at the plaintiff's request." Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). Where, as here, the defendant has already served an answer and the parties have not all signed a stipulation of dismissal, the plaintiff must seek an order of voluntary dismissal under Rule 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). When determining whether to grant a Rule 41(a)(2) motion, a court should consider the plaintiff's explanation for the need to take a dismissal, the effort and expense put forth by the defendant in preparing for trial, whether there has been excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the case, and whether the defendant has filed a motion for summary judgment. Id. at 783. See also Wizman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci, 826 F.2d at 782.

"Under Rule 41(a)(2), dismissals sought by the plaintiff are without prejudice unless the district court's order specifies otherwise." Id. "Thus, Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice." Id. (citations omitted). "When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, however, the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation." Id. (citations omitted). "Otherwise, the district court would deny the plaintiff the option of trying the case on the merits, because unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." Id. (citation omitted).

"In granting a motion for voluntary dismissal, district courts typically impose the condition that [the] plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." Belle-Midwest, Inc. v. Missouri Property & Casualty Insurance Guarantee Association, 56 F.3d 977, 978-79 (8th Cir. 1995). Indeed, "under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon [the] plaintiff's payment of costs and

attorney's fees if the case is refiled." Id. (citing Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984)).

### III. ANALYSIS

The plaintiff does not cite any particular federal rule of civil procedure in support of her motion. (See generally ECF Nos. 38-39, 43.) It is clear, however, that under the present circumstances, she cannot obtain either a Rule 41(a) dismissal or leave to amend under Rule 15(a) without this court's order. In support of her motion, the plaintiff has not offered any explanation for her desire to dismiss Count III, nor has she argued that there is cause for modifying the scheduling order to allow her to amend the complaint by striking Count III. (See generally ECF Nos. 38-39, 43.) She states only that she "does not wish to prosecute Count III." (Pl.'s Mot. at 1, ECF No. 38.)

It is significant that the parties do not appear to be in full agreement regarding the disposition of Count III. Certainly there is no signed stipulation of dismissal, and although the defendant states that it "has no objection to Plaintiff's Motion to Dismiss her FLSA cause of action," (Def.'s Br. at 1, ECF No. 42), the defendant seeks to attach conditions to the dismissal, (see generally id.). The defendant also suggests that the plaintiff has been dilatory, as eight months have passed between the removal of the case to this court and the filing of the plaintiff's motion to dismiss. (See id. at 1-2.)

I find that the plaintiff has not shown that either a voluntary dismissal of Count III or an amendment striking Count III from the complaint ought to be allowed. Her motion to dismiss must therefore be denied. The plaintiff may, however, file a new motion under Rule 15(a), Rule 41(a), or both, that states clearly the reasons why Count III ought to be disposed of in accordance with those rules. As excessive delay is a relevant factor under either rule, the plaintiff should promptly file any such motion.

Because the plaintiff's motion to dismiss must be denied, I must also deny her motion to remand.

**IT IS ORDERED** that the plaintiff's "Motion to Dismiss and Motion to Remand," ECF No. 38, is denied.

Dated February 14, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge